ACCEPTED
01-15-00320-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/23/2015 12:06:52 PM
CHRISTOPHER PRINE
CLERK

AHMAD
ZAVITSANOS
ANAIPAKOS
ALAVI
MENSING    **AZA**

**TODD W. MENSING**
*BOARD CERTIFIED-CIVIL TRIAL LAW*
*TEXAS BOARD OF LEGAL SPECIALIZATION*
DIRECT  713.600.4904
MAIN  713.655.1101
FAX  713.655.0062
TMENSING@AZALAW.COM

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/23/2015 12:06:52 PM

CHRISTOPHER A. PRINE
Clerk

July 23, 2015

***Via Electronic Filing***
Christopher A. Prine
Clerk, First Court of Appeals
301 Fannin Street
Houston, TX 77002

RE:  Case No. 01-15-00320-CV; *Revenew International, LLC v. PSC Industrial Outsourcing, LP*; In the First Court of Appeals, Houston, Texas.

Dear Mr. Prine:

I am writing to provide a second supplement to PSC Industrial Outsourcing, LP's motion for attorneys' fees under Texas Rule of Appellate Procedure 45. Please find enclosed my affidavit and our firm's most recent billing statement. The total attorneys' fees, costs, and expenses spent in addressing this appeal by Revenew International, LLC are $35,399.64. Please provide this information to the panel at your convenience.

Cordially,

Todd W. Mensing

TWM/lan
Enclosure
cc:    ***Via Electronic Service***
       Lauren J. Harrison
       Lara Pringle
       JONES WALKER LLP
       1001 Fannin Street, Suite 2450
       Houston, Texas 77002

4834-4721-4118, v. 1

ATTORNEYS AT LAW  |  1221 MCKINNEY, SUITE 3460  |  HOUSTON, TEXAS 77010  |  AZALAW.COM

## IN THE COURT OF APPEALS FOR THE
## FIRST JUDICIAL DISTRICT
## HOUSTON, TEXAS

REVENEW INTERNATIONAL, LLC, Appellant,

vs.

PSC INDUSTRIAL OUTSOURCING, LP, Appellee.

On Appeal from the 281st Judicial District Court of Harris County, Texas
Cause No. 2013-59946

## AFFIDAVIT OF TODD W. MENSING

STATE OF TEXAS       §
COUNTY OF HARRIS  §

Before me the undersigned authority personally appeared Todd W. Mensing, who after being duly sworn and cautioned, stated as follows:

1.    My name is Todd W. Mensing. I am over eighteen (18) years of age, have never been convicted of a felony or crime involving moral turpitude, am of sound mind, and am competent to make this Affidavit. I have personal knowledge of the statements contained herein and each of them is true and correct.

2.    I am lead counsel for PSC Industrial Outsourcing, LP ("PSC") in this case. This Affidavit is submitted in support of PSC's application for an award of its attorneys' fees, out-of-pocket expenses, and court costs in this case from Revenew International, LLC ("Revenew") or its counsel pursuant to Texas Rule of Appellate Procedure 45. This Affidavit is an update to my previous

affidavits concerning attorneys' fees, which were filed on April 14, 2015 and May 11, 2015.

3. I have been licensed to practice in Texas by the Texas Supreme Court since November of 1999. My license to practice law has never been suspended or revoked, and I am currently a member in good standing with the State Bar of Texas. I am currently admitted to the United States District Courts for the Southern, Northern, Eastern, and Western Districts of Texas, and the United States Court of Appeals for the Fifth Circuit. I am board certified in Civil Trial Law by the Texas Board of Legal Specialization.

4. I graduated in 1999 from the University of Texas School of Law. Prior to joining Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. ("AZA") in March 2001, I was associated with Vinson & Elkins, L.L.P.

5. I am familiar with the reasonable and customary hourly rates charged by lawyers in Houston and Texas, and I am familiar with the reasonable and customary hourly rates charged for commercial litigation in general.

6. I am familiar with the facts of this case and work performed in connection with this case. All of the itemized attorney time spent on this case at AZA was performed primarily by me or under my supervision. All of the paralegal and legal assistant time at AZA was performed under my supervision.

7. Revenew filed its notice of Appeal on April 7, 2015. Therefore, I have reviewed the time records detailing the fees and expenses AZA has charged to PSC in connection with this matter since April 7, 2015 to identify those fees which would not have been incurred but for Revenew's appeal. The attached Exhibit 1 contains a true and correct copy of our firm's time recorded for this appeal between April 7, 2015 and July 21, 2015. It is our firm's policy to record time in 1/10 hour increments contemporaneous with the work being performed.

8. I have worked on this case since September 2013. My hourly rate for this case is $500 per hour. In my opinion, this rate is reasonable based on my training and experience discussed above, and as reflected in my professional biography, which is also attached in Exhibit 2 to this Affidavit.

9. Adam Milasincic, an associate at AZA, has also worked on this matter since March 2014. He is a 2011 graduate of the University of Virginia School of Law and has been associated with AZA since 2013. He previously practiced law with Baker Botts LLP and was licensed by the Texas Supreme Court in

2011. He is admitted to practice before the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Southern, Northern, Eastern, and Western Districts of Texas. The hourly rate for Mr. Milasincic is $300 per hour for all work in this case. In my opinion, this rate is reasonable based on his training and experience. His professional biography is attached as Exhibit 3 to this Affidavit.

10. Edward Goolsby, an associate at AZA, has also worked on this matter since November 2014. His professional biography is attached as Exhibit 4 to this Affidavit. The hourly rate for Mr. Goolsby is $270 per hour for all work in this case. He is a 2014 graduate of the University of Houston Law Center and has been associated with AZA since 2014. In my opinion, this rate is reasonable based on his training and experience.

11. Attached as Exhibit 1 to this Affidavit is a true and correct copy of the billing statement prepared from contemporaneous daily time records regularly prepared and maintained by AZA, containing the time and task records and reflecting the activities of the lawyers at my firm in responding to this appeal, which is current through July 21, 2015. This statement correctly and accurately sets forth the legal services rendered by the lawyers at AZA to PSC in this matter. This billing statement has been redacted to the extent necessary to protect against the disclosure of information subject to the attorney-client and work-product privileges.

12. As reflected in Exhibit 1, the total hours spent by AZA in drafting PSC Industrial Outsourcing, LP's Motion to Dismiss Revenew International, LLC's Appeal for Lack of Jurisdiction (the "Motion") and to respond to Revenew's appeal, filed April 7, 2015, is 115.2 hours. The corresponding attorneys' fees PSC has incurred for the work performed by AZA in connection with this appeal is $34,873 as of July 21, 2015, and this is the amount PSC seeks to recover in this appeal. This amount does not include paralegal fees. This is the total amount after, in the exercise of billing judgment, AZA made voluntary fee reductions and adjustments. In my opinion, these rates are reasonable, necessary and consistent with what other lawyers and legal assistants charge in Harris County.

13. In addition, out-of-pocket expenses and court costs incurred by PSC related to this proceeding were billed separately and are also reflected on Exhibit 1. These expenses included such matters as filing fees, copying, and the like. I have personally reviewed these incurred expenses and costs, and each falls within the range of customary charges for such matters, and each was reasonable and necessary to draft the Motion and to respond to Revenew's

appeal. The total amount of PSC's incurred expenses and costs shown on Exhibit 1 is $526.64 as of July 21, 2015.

14. I am personally familiar with the reasonable attorneys' fees and related litigation costs and expenses in the Texas market. I am familiar with the usual and customary rates charged by attorneys serving in contingent matters and in non-contingent fee matters and that have been accepted in cases involving, *inter alia*, commercial disputes. I am personally familiar with the hourly rates charged by other litigation counsel of similar skill, experience, and training as PSC's counsel and who regularly practice in this area of Texas.

15. I am also familiar with the factors considered in determining the reasonableness of attorneys' fees, as listed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, State Bar Rules Art. X § 9, and as set forth in *Arthur Anderson v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997). In my opinion, and after considering the factors set forth in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct, State Bar Rules Art. X § 9, and in *Arthur Anderson*, the fees incurred by PSC were reasonable and necessary for the defense of its possession of the premises in these proceedings. These legal fees reflect those reasonable and necessary services rendered to PSC in responding to this appeal through July 21, 2015.

16. Considering the attorneys' fees customarily charged in Texas by practitioners of comparable skill, training, and experience as PSC's counsel, in cases involving commercial lease disputes, and the *Arthur Anderson* factors referenced above, the hourly rates charged, the time incurred by the lawyers and non-lawyer staff of AZA, and the tasks performed as reflected in Exhibit 1, are typical of the usual and customary rates charged for attorneys' services in similar matters, are consistent with the hourly rates charged by practitioners of comparable experience, and were reasonable and necessary tasks in this matter.

17. As of July 21, 2015, PSC has incurred reasonable and necessary legal fees and out-of-pocket expenses totaling $35,399.64. But for Revenew's appeal, PSC would not have occurred these fees and expenses.

18. In the event this Court requests additional explanation on any of the items contained in this Affidavit or in the attached Exhibits, the undersigned is willing to submit an additional affidavit or to appear live at a hearing to testify or to respond to any additional matters of inquiry.

EXECUTED this 22nd day of July, 2015.

_____
TODD W. MENSING

Sworn to and subscribed before me this 22nd day of July, 2015.

TERRI E KELLY
My Commission Expires
June 15, 2018

_____
Notary Public in the State of Texas

4829-6054-3782, v. 1

# AZA

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

1221 McKinney, Suite 3460
Houston, TX 77010
Tax ID: 76-0407464

May 15, 2015

Invoice submitted to:

PSC, LLC
Attn: Gregg Goldstein
5151 San Felipe, Suite 1600
Houston, TX 77056
Gregg Goldstein, General Counsel

Invoice No.    23041

In Reference To:    Cause No. 2013-59946; *PSC Industrial Outsourcing, LP v. Revenew International, LLC;* In the 281st Judicial District Court of Harris County, Texas
Our File No. PSC013

## Professional Services

|  |  | Hours |
|---|---|---|
| **Goolsby, Edward** | | |
| 4/7/2015 | Review appeal filed by Revenew. (.2). Draft Motion to Dismiss Revenew's Appeal for Lack of Jurisdiction and Rule 45 Motion to Award PSC Attorney's Fees. (.9). | 1.10 |
| 4/8/2015 | Draft Motion to Dismiss Revenew's Appeal for Lack of Jurisdiction. | 6.10 |
| 4/9/2015 | Complete draft of Rule 45 Motion for Damages in responding to Revenew's appeal. (1.9). | 1.90 |
| 4/10/2015 | Review notices and rules provided by the First Court of Appeals governing Revenew's appeal. (.4). Draft Motion to Dismiss Appeal for Lack of Jurisdiction.  (1.7). | 2.10 |

**EXHIBIT 1**

| | | Hours |
|---|---|---|
| 4/13/2015 | Draft Motion to Dismiss Revenew's Appeal for Lack of Jurisdiction. | 6.80 |
| 4/14/2015 | Work on Motion to Dismiss Revenew's Appeal for Lack of Jurisdiction. (2.1). Select exhibits and prepare to be attached to same. (1.3).  Input edits to motion from Gregg Goldstein. (.2). | 3.60 |
| 4/15/2015 | Review emails from opposing counsel regarding appeal. | 0.10 |
| 4/24/2015 | Draft Motion to Extend Time for Brief. (.3). Review Revenew's Response to PSC's Motion to Dismiss for Lack of Appellate Jurisdiction and outline Reply. (1.1). | 1.40 |
| 4/26/2015 | Draft Motion to Extend Time for Brief. | 0.40 |
| 4/27/2015 | Draft Motion to Extend Time to File Merits Briefs (.7). Draft Reply to Revenew's Opposition to PSC's Motion to Dismiss Appeal for Lack of Jurisdiction and provide draft to Adam Milasincic. (1.6). | 2.30 |
| 4/28/2015 | Draft additional sections distinguishing cases cited by Defendant and supporting sanctions in Reply to Revenew's Opposition to PSC's Motion to Dismiss. | 6.40 |
| 4/29/2015 | Research (.2).<br> Call 281st Court (.3)<br>Work on Reply to Revenew's Opposition to PSC's Motion to Dismiss. (1.6). | 2.10 |

SUBTOTAL:                                                    [         34.30      $9,261.00]

Mensing, Todd

| | Hours |
|---|---|
| 4/7/2015 Review notice of appeal. Formulate strategy regarding same. Communications with client regarding same. | 0.60 |
| 4/8/2015 Communications with client regarding notice of appeal. | 0.30 |
| 4/9/2015 Prepare for client meeting. (.5) Receive correspondence from court of appeals (.2) | 0.70 |
| 4/10/2015 Review Revenew's Request for Clerk's Record. (.3) Work on motion to dismiss appeal. (.5) Review appellate docketing statement filed by Revenew. (.2) | 1.00 |
| 4/11/2015 Review additional correspondence from the Court of Appeals. | 0.30 |
| 4/13/2015 Communications with Revenew counsel regarding basis for appeal. (.3) Communications with client regarding status. (.1) Work on motion to dismiss appeal. (.5) | 0.90 |
| 4/14/2015 Communications with opposing counsel regarding stipulation. (.4) Work on finalizing appellate brief. (.4) | 0.80 |
| 4/24/2015 Review Revenew response to motion to dismiss appeal. | 0.60 |

| | | Hours |
|---|---|---|

4/25/2015  Communications with client regarding same. (.2)  Communications with trial coordinator regarding trial setting. (.1) — 0.30

4/29/2015  Review multiple filings by Revenew in trial court.(.2) Work on Reply Brief. (2.6) — 2.80

SUBTOTAL: [ 8.30 $4,150.00]

Milasincic, Adam

4/7/2015  Prepared outline of arguments for Motion to Dismiss Revenew's Interlocutory Appeal for Lack of Appellate Jurisdiction. — 0.70

4/8/2015  Edit draft of Motion to Dismiss Revenew's Interlocutory Appeal for Lack of Appellate Jurisdiction. — 0.40

4/9/2015  Revised and supplemented initial draft of Motion to Dismiss Revenew's Interlocutory Appeal for Lack of Appellate Jurisdiction. — 2.40

4/13/2015  Review and edit final draft of motion to dismiss Revenew appeal. — 3.90

4/14/2015  Exchanged emails with opposing counsel about potential stipulations for resolution of appeal. — 0.40

4/15/2015  Completed final review of and revisions to motion to dismiss Revenew's appeal. — 0.80

4/27/2015  Revised motion for extension of appellate deadlines. — 0.50

4/28/2015  Work on revisions to PSC's reply in support of motion to dismiss appeal. — 1.20

4/29/2015  Work on revisions to PSC's reply in support of motion to dismiss appeal. — 2.80

|  | Hours |  |
|---|---|---|
| SUBTOTAL: | [ 13.10 | $3,930.00] |
| For professional services rendered | 55.70 | $17,341.00 |

**Expenses:**

Administrative

| | | |
|---|---|---|
| 4/15/2015 | Court fees - Appeals Motion to Dismiss | $10.29 |
| 4/28/2015 | Court fees - Motion to Extend Time to File Brief | $10.29 |
| 4/30/2015 | Copy service - Lighthouse | $400.00 |

| | |
|---|---|
| SUBTOTAL: | [ $420.58] |
| Total expenses | $420.58 |
| Total amount of this bill | $17,761.58 |

## Attorney Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Edward Goolsby - Associate | 34.30 | 270.00 | $9,261.00 |
| Todd Mensing - Partner | 8.30 | 500.00 | $4,150.00 |
| Adam Milasincic - Associate | 13.10 | 300.00 | $3,930.00 |

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

1221 McKinney, Suite 3460
Houston, TX 77010
Tax ID: 76-0407464

June 10, 2015

Invoice submitted to:

PSC, LLC
Attn: Gregg Goldstein
5151 San Felipe, Suite 1600
Houston, TX 77056
Gregg Goldstein, General Counsel

Invoice No.     23162

In Reference To:     Cause No. 2013-59946; *PSC Industrial Outsourcing, LP v. Revenew International, LLC;* In the 281st Judicial District Court of Harris County, Texas
Our File No. PSC013

**Professional Services**

|  |  | Hours |
|---|---|---:|
| **Goolsby, Edward** | | |
| 5/6/2015 | Review letter from Revenew concerning *Lippincott* decision and read *Lippincott* decision. (.4). Review and redact billing statements and update motion for sanctions under Rule 45. (.8). | 1.40 |
| 5/8/2015 | Draft cover letter to be sent updating motion for sanctions for frivolous appeal under Rule 45. (.2). Review and redact invoice statements. (.6). Update affidavit of Todd Mensing concerning attorneys' fees. (.3). | 1.10 |
| 5/11/2015 | Complete letter supplementing record concerning PSC's Rule 45 motion for attorneys' fees. (.3). | 0.30 |
| 5/13/2015 | Review merits brief filed by Revenew and outline counterarguments for PSC's merits brief. | 1.10 |

PSC, LLC

|  |  | Hours |
|--|--|------:|
| 5/21/2015 | Draft letter to trial court requesting supplementation of appellate record and identifying missing exhibits attached to PSC's response to Revenew's Motion for Summary Judgment. | 0.80 |
| 5/22/2015 | Complete letter to trial court regarding supplementation of appellate record and file it. | 0.40 |
| 5/26/2015 | Draft portion of merits brief relating to actual malice in business disparagement claim. | 2.40 |
| 5/27/2015 | Draft portion of merits brief relating to actual malice in business disparagement claim. | 3.20 |
| 5/29/2015 | Call Court to discuss supplemental appellate record. | 0.30 |

SUBTOTAL:                                              [       11.00      $2,970.00  ]

Leiker, Kelly

| 5/8/2015 | Prepare attorneys' fees statements for filing with Court of Appeals. | 0.50 |

PSC, LLC

Page

3

|          |          |
|----------|----------|
| [ 0.50   | $97.50]  |

Mensing, Todd

5/5/2015  Review letter circulated to Court of Appeals by Revenew.                                    0.10

| | | Hours |
|---|---|---|
| 5/8/2015 | Review letter filed by Revenew with Court regarding supplementation of the record. | 0.10 |

PSC, LLC

|  | Hours |
|---|---|
| SUBTOTAL: | [ 0.20 $100.00 ] |

Milasincic, Adam

| 5/6/2015 | Reviewed Revenew's supplemental letter to Court of Appeals and drafted response letter. | 1.20 |

|  | Hours |
|---|---|
| 5/22/2015 Attended and argued hearing on Revenew's motion to certify interlocutory appeal. | 1.90 |
| . | |
| 5/25/2015 Began drafting PSC's appellate merits brief. | 1.60 |
| 5/26/2015 Continued drafting PSC's appellate merits brief. | 1.80 |
| 5/29/2015 Continued drafting appellate merits brief. | 1.40 |
| SUBTOTAL: | [ 7.90 $2,370.00] |
| For professional services rendered | 19.60 $5,537.50 |

**Expenses:**

|  |  | Amount |
|---|---|---|
| **Administrative** | | |
| 4/27/2015 | Courier charges - Package to First Court of Appeals - Mach 5 | $23.95 |
| | Courier charges - Package to AZA  - Mach 5 | $13.95 |
| 5/12/2015 | Courier charges - Package to AZA  - Mach 5 | $13.95 |
| 5/19/2015 | Telephone - Conference call - Logix | $9.69 |
| 5/21/2015 | Court fees - Response to review motion | $2.06 |
| 5/22/2015 | Court fees - Request for supplemental clerks record | $2.06 |
| 5/31/2015 | Copy service - Monthly user license - Lighthouse | $498.00 |
| | SUBTOTAL: | [      $563.66] |
| | Total expenses | $563.66 |
| | Total amount of this bill | $6,101.16 |

**Attorney Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Edward Goolsby - Associate | 11.00 | 270.00 | $2,970.00 |
| Todd Mensing - Partner | 0.20 | 500.00 | $100.00 |
| Adam Milasincic - Associate | 7.90 | 300.00 | $2,370.00 |
| Kelly Leiker - Paralegal | 0.50 | 195.00 | $97.50 |

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.

1221 McKinney, Suite 3460
Houston, TX 77010
Tax ID: 76-0407464

AZA

July 10, 2015

Invoice submitted to:

PSC, LLC

Attn: Gregg Goldstein
5151 San Felipe, Suite 1600
Houston, TX 77056
Gregg Goldstein, General Counsel

Invoice No.    23332

In Reference To:    Cause No. 2013-59946; *PSC Industrial Outsourcing, LP v. Revenew International, LLC;* In the 281st Judicial District Court of Harris County, Texas
Our File No. PSC013

### Professional Services

|  |  | Hours |
|---|---|---|
| **Goolsby, Edward** | | |
| 6/2/2015 | Draft and revise sections of merits brief related to malice in business disparagement claim. | 2.60 |
| 6/4/2015 | Revise merits brief and update sections related to privilege and justification. | 3.20 |
| 6/5/2015 | Revise sections of merits brief related to falsity, malice, privilege, and justification. | 6.10 |
| 6/10/2015 | Review, revise and double check record citations in PSC's merits brief. | 3.20 |
| 6/12/2015 | Review, revise and double check all citations to record in PSC's merits brief. | 4.60 |

| | Hours | |
|---|---|---|
| SUBTOTAL: | [ 19.70 | $5,319.00] |

Mensing, Todd

| | | |
|---|---|---|
| 6/8/2015 Edit appellate brief on the merits. | | 1.20 |
| 6/9/2015 Work on edits to appellate brief. | | 1.40 |
| SUBTOTAL: | [ 2.80 | $1,500.00] |

Milasincic, Adam

| | | |
|---|---|---|
| 6/1/2015 Completed initial draft of Appellee's merits brief. | | 8.50 |
| 6/5/2015 Exchanged emails with Ward Goolsby regarding research for appellee's brief on merits. | | 0.10 |
| 6/8/2015 Continued revising PSC's appellee's brief. | | 3.50 |
| 6/9/2015 Continued revising PSC's appellee's brief. | | 2.60 |
| 6/12/2015 Completed final revisions to PSC appellee's brief. | | 2.50" |
| SUBTOTAL | [ 17.20 | $5,160.00] |

| | | |
|---|---|---|
| For professional services rendered | 39.5 | $11,779.00 |

**Expenses:**

Administrative

| | | |
|---|---|---|
| 6/10/2015 | Courier charges - Package to 1st Court of Appeals - Mach 5 | $26.45 |
| | Courier charges - Package to AZA  Law - Mach 5 | $13.95 |
| | SUBTOTAL: | [      $40.40] |
| | Total expenses | $40.40 |
| | Total amount of this bill | $13.: 3; 062 |

PSC, LLC

## Attorney Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Edward Goolsby - Associate | 19.70 | 270.00 | $5,319.00 |
| Todd Mensing - Partner | 2.80 | 500.02'''''''''''&3.52202 | |
| Adam Milasincic - Associate | 17.40 | 300.00'''''''''''&7.38202 | |

# AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.

| | |
|---|---|
| Nickname | PSC013 | 3364 |
| Full Name | PSC, LLC |
| Address | Attn: Gregg Goldstein |
| | 5151 San Felipe, Suite 1600 |
| | Houston, TX 77056 |
| | Gregg Goldstein, General Counsel |

In Ref To     Cause No. 2013-59946; *PSC Industrial Outsourcing, LP v. Revenew International, LLC;* In the 281st Judicial District Court of Harris County, Texas
Our File No. PSC013

| Date<br>ID | Attorney<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| **Attorney: Goolsby, Edward** | | | | | |
| 7/13/2015<br>494965 | Goolsby, Edward<br>A108 Comunicate(external)<br>Call Harris County District Clerk about supplemental record for brief.<br>Reference:   L510 Appellate Motions and Submissions | 270.00 | 0.20 | 54.00 | Billable |
| 7/20/2015<br>495447 | Goolsby, Edward<br>A103 Draft/revise<br>Revise PSC's brief to add new citations to the supplemental record recently filed with the First Court of Appeals.<br>Reference:   L510 Appellate Motions and Submissions | 270.00 | 1.70 | 459.00 | Billable |
| Total: Goolsby, Edward | | | 1.90 | | $513.00 |
| **Attorney: Mensing, Todd** | | | | | |
| 7/2/2015<br>492922 | Mensing, Todd<br>A104 Review/analyze<br>Review Revenew Reply Brief.<br>Reference:   L510 Appellate Motions and Submissions | 500.00 | 0.40 | 200.00 | Billable |
| 7/17/2015<br>495444 | Mensing, Todd<br>A104 Review/analyze<br>Receive correspondence from clerk regarding supplemental record.<br>Reference:   L510 Appellate Motions and Submissions | 500.00 | 0.10 | 50.00 | Billable |
| Total: Mensing, Todd | | | 0.50 | | $250.00 |

PSC013:PSC, LLC (continued)

| Date ID | Attorney Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| Attorney: Milasincic, Adam | | | | | |
| 7/6/2015 494126 | Milasincic, Adam A104 Review/analyze | 300.00 | 0.40 | 120.00 | Billable |
| | Analyzed Revenew's reply brief in support of appeal and wrote summary to client. Reference: L110 Fact Investigation/Development | | | | |
| Total: Milasincic, Adam | | | 0.40 | | $120.00 |
| TOTAL | Billable Fees Hold | | 2.80 0.20 | $100.00 | $883.00 |

| Date ID | Attorney Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| Attorney: Administrative | | | | | |
| 7/1/2015 495491 | Administrative E106 Online research | 3711.00 | 1.000 | 3,711.00 | Billable |
| | Computer Research - Westlaw - June | | | | |
| Total: Administrative | | | | | $3,711.00 |
| TOTAL | Billable Costs | | | | $3,711.00 |

PSC013:PSC, LLC (continued)

|  | Amount | Total |
|---|---|---|
| Total new charges | | $4,594.00 |

## Attorney Summary

| Attorney | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| EBG | 270.00 | 1.90 | $513.00 | $513.00 | 0.00 |
| TWM | 500.00 | 0.50 | $250.00 | $250.00 | 0.00 |
| AAM | 300.00 | 0.40 | $120.00 | $120.00 | 0.00 |



*Partner*

3460 One Houston Center

1221 McKinney Street

Houston, Texas 77010-2009

Phone: 713 655-1101

Fax: 713 655-0062

Email: tmensing@azalaw.com

Download Vcard



  



Todd W. Mensing focuses on complex commercial litigation.  He is Board Certified in Civil Trial Law by the Texas Board of Legal Specialization, a distinction reserved for Texas trial lawyers with a high degree of trial experience and expertise. During the last ten years, an average of fewer than ten attorneys per year statewide has earned the distinction. He is recognized among the top lawyers in the nation for commercial litigation in the 2014 and 2015 editions of *The Best Lawyers in America.* And Mr. Mensing is recognized in Texas General Commercial Litigation in the 2014 edition of *Chambers USA: America's Leading Lawyers for Business* published by London-based Chambers and Partners. He was elected to the prestigious American Board of Trial Advocates (ABOTA), an elite group of the country's leading judges and civil trial lawyers.

Mr. Mensing has tried cases in virtually every arena, including in the areas of commercial and intellectual property disputes, executive employment litigation, defense of catastrophic personal injury cases, and complex family law matters and criminal trials.

Mr. Mensing is on the *Texas Super Lawyers* 2013-2014 lists and was named one of the Top 100 Super Lawyers in Houston in 2014. He also was put on the list in only his fifth year of practice and was one of the youngest attorneys in Texas to be named a Super Lawyer. He was named to the "Who's Who in Energy" list of top 100 Houston energy industry leaders published in 2011 – 2014 in several U.S. city business journals. Mr. Mensing has also been named one of Houston's Best Lawyers by *H Texas Magazine.*

Prior to joining Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C., Mr. Mensing graduated with honors and in the top ten percent of his class at the University of Texas School of Law. He obtained his undergraduate degree from Stanford University.

Here are some of Mr. Mensing's recent results for his clients:

‣ *Air Liquide Large Industries U.S., LP v. NRM Investments, Inc., et al.*  Won a jury verdict for a Houston-based industrial gases company in a nearly $4 million fraud and breach of contract case. Mr. Mensing's cross-examination of opponent's primary expert ended with the key witness admitting he was not, in fact, an expert. The jury rejected all of the $2 million plus claims against Mr. Mensing's client and awarded his client $1.7 million, representing full damages, including attorneys' fees.

‣ *Sentinel Integrity Solutions, Inc. v. MISTRAS Group, Inc.*  Defended at trial a Houston petrochemical inspection company in a $10 million trademark infringement suit in federal court in Houston.  At the close of the evidence, the Court dismissed the plaintiff's trademark infringement claim against Mr. Mensing's client.  The jury then deliberated on Mr. Mensing's client's counterclaim for invalidation of the plaintiff's trademark.  The jury awarded a verdict in Mr. Mensing's client's favor by invalidating the plaintiff's trademark after an hour of deliberations.

‣ *New Jersey Department of Environmental Protection, et al. v. Exxon Mobil Corporation f/k/a Exxon Corporation, et al.* Defended an international gas storage and pipeline company in a $100 million environmental suit brought by the State of New Jersey against Mr. Mensing's client and two other major energy companies.  After several years of litigation, the State released Mr. Mensing's client for less than one-percent of its original demand.

‣ *MBI Global, LLC, et al. v. Hunter Building & Manufacturing, L.P.*, et al. Five days before jury selection, Mr. Mensing stepped in as lead counsel for two manufacturing executives accused of breaching their fiduciary duties to their former employer by forming a competing company and joint venturing with a competitor. Mr. Mensing also represented the executives' new company, which the former employer accused of misappropriating trade secrets.  The plaintiff claimed over $100 million in damages against AZA's clients, as well as several co-defendants.  At the end of the month-long trial, the jury awarded less than 2% of the plaintiff's damages against the executives' new company, and no-liability findings in favor of the executives

themselves. On appeal, Mr. Mensing obtained a complete reversal of the verdict, and the appeals court rendered a take-nothing judgment against the plaintiff.

• *Wade Brady v. LeaAnne Klentzman and Carter Publications, Inc. d/b/a The West Fort Bend Star, Inc.* Obtained a $1.1 million jury verdict, including $1 million in punitive damages, against a Houston-area newspaper. The verdict represents one of the largest defamation verdicts against a newspaper in Texas history.

• *Devin Manning, as Next Friend of Byron Marquis Randon, II v. Eloise Angulo et al.* Achieved a defense verdict for a Houston medical group in a malpractice trial in which the parents of the child patient alleged that negligent care resulted in severe and long-term injuries.

• *Al Mamounia, Inc. and Jean Soussan v. Charles M. Lusk, III, d/b/a Guzman Interests, et al.* Obtained defense verdict for the owners of the Lancaster Hotel located in downtown Houston in a commercial real estate dispute. At the conclusion of the two-week trial, the jury deliberated for only two hours before unanimously rejecting each of the plaintiff's claims. The jury also found against the plaintiff on counterclaims for statutory theft and conversion, and also entered a finding of malice.

• *Bader Malallah, Ph.D. v. Noble Logistic Services f/k/a Dedicated Services, Inc.* Successfully defended at trial the Chief Financial Officer of a publicly-traded company. The CFO's former employer sued Mr. Mensing's client for breach of fiduciary duty and sought punitive damages, claiming the CFO had participated in an embezzlement scheme, engaged in self-dealing, and conspired to bring litigation against the company while still an officer. The jury delivered a unanimous defense verdict.

• *Gaines Watkins v. Input/Output, Inc.* Successfully represented at trial an executive of a seismic equipment manufacturer claiming age discrimination. The jury returned a verdict that the employer discriminated against Mr. Mensing's client when it terminated him, and did so willfully, resulting in a $1.5 million judgment that was the second-largest employment verdict in Texas that year.

• *State of Texas v. John Doe.* Obtained acquittal at trial of a Houston university professor prosecuted for sexually assaulting a female student. After deliberating for less than an hour, the all-female jury returned a not-guilty verdict.

• *Ho v. Eckerd Corp et al.* Achieved defense verdict for drug provider alleged to have caused severe and long term injuries by virtue of providing incorrect drug to the plaintiff.

• *Harris County v. Shell Chemical, LP.* Represented Harris County in a lawsuit against an international chemical company that resulted not only in a historic fine against the company, but also a series of groundbreaking concessions requiring the company to provide notice of pollution events to Harris County.

• *Plains Marketing, L.P., et al. v. Prairie Pipeline Contractors, Inc.* Represented a national pipeline company where the plaintiff contractor alleged Mr. Mensing's client owed it more than $20 million. After pursuing a fraud counterclaim, Mr. Mensing's client settled the matter for less than five percent of the plaintiff's original demand.

• *In the Interest of Xochitil Trejo Whetzel, A Child.* Mr. Mensing successfully represented the mother of a minor child in a lengthy and complex child custody jury trial. The Court-appointed attorney representing the minor child, as well as the father of the child, opposed the relief sought by Mr. Mensing's client. Mr. Mensing's client nevertheless prevailed on all issues. The trial was the Court's longest of the year. Mr. Mensing stepped into the case ten days before trial.

• *Hedges Industrial Enterprises, Inc. v. Rio Tinto PLC v. Motion Industries.* Defended a national automotive manufacturing company in a trade secret dispute filed in Arizona federal court in which the plaintiff sought over ten million dollars in damages. After successfully asserting theories against the co-defendant and the plaintiff, the case settled for less than two percent of the plaintiff's original demand.

• *H.E.Y. Ltd. and Aquaduct LLC v. Millennium Interests, Ltd.* Represented a large Houston real estate developer in a breach of fiduciary suit in which the plaintiffs sought $30 million in damages. The case settled for less than three percent of the plaintiff's original demand.

• *Tennessee Gas Pipeline Company v. Columbia Gulf Transmission Company.* Defended against a $150 million breach of contract lawsuit related to the joint operation of a pipeline system located in offshore Louisiana. A national energy corporation brought the case against Mr. Mensing's client, a multi-state pipeline company. Mr. Mensing's client achieved a walk-away settlement.

- *Arturo Flores, et al. v. Millennium Interests, et al.* Defended a national real estate development firm in a bet-the-company lawsuit filed in federal court. Closely monitored by lawyers, trade groups, and legislators across Texas, the case involved the application of a new series of legislative reforms that had not yet been interpreted by any court, and held industry-wide implications for Texas real estate developers. The Court issued a take-nothing judgment in favor of Mr. Mensing's client and construed the law in his client's favor.

Mr. Mensing was born in Modesto, California. In 1994, he earned an A.B. in English, with Honors, from Stanford University. In 1999, Mr. Mensing graduated in from the University of Texas School of Law, where he was a four-time recipient of the Dean's Achievement Award. After graduating from law school, Mr. Mensing began his career in the litigation section of Vinson & Elkins, L.L.P. In March of 2001, Mr. Mensing joined Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

**EDUCATION**
- Stanford University (A.B., with Honors, 1994)
- University of Texas School of Law (J.D., with Honors, Order of the Coif, 1999)

*Internet mail is not fully secure or private. Therefore, please do not transmit confidential information via Internet mail. Transmission of information is not intended to and does not create an attorney-client relationship. Please do not assume that your communications sent using Internet mail are privileged or confidential. Please do not send Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. any confidential information via the Internet without previously consulting one of our attorneys.

**Nothing on this web page is intended to represent that Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. currently represents any particular clients mentioned because matters and client relationships naturally terminate from time to time.

Terms of Use  |  Careers
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. Copyright 2015



*Associate*

3460 One Houston Center

1221 McKinney Street

Houston, Texas 77010-2009

Phone: 713 655-1101

Fax: 713 655-0062

Email: amilasincic@azalaw.com

Download Vcard



*Tough Name.  Tougher Opponent.*

Adam Milasincic is a trial and appellate lawyer who sues and defends some of the largest companies in Texas, often in the energy sector. He represents both plaintiffs and defendants in industries as far-flung as hospitality and information technology, maintaining a broad practice that has included management of multi-million dollar contract disputes, partnership break-ups, business torts, mineral lease contests, labor disputes, employment claims, and wrongful death, among others.

For his plaintiffs' work, Mr. Milasincic was selected for inclusion in the 2015 *Texas Rising Stars* list, which honors the best Texas lawyers under age 40 and those who have practiced less than 10 years. Fewer than 2.5 percent of eligible Texas attorneys earn this selection each year.

His work is routinely profiled in business media such as Law360 and the Houston Chronicle.  (See recent examples here , here , here, and here.)

### RECENT SUCCESSES FOR PLAINTIFFS INCLUDE:

· Selected jury, examined witnesses, and argued dispositive motions, leading to $11.4 million verdict for business disparagement and dismissal or defeat of all counterclaims.

· Helped royalty owner win $1.2 million settlement in pooling dispute with operator.

· Represented minority owner of hotel and retail business in lawsuit against majority owners and achieved highly favorable settlement that resulted in client obtaining sole ownership of both businesses.

· Won precedent-setting decision under Outer Continental Shelf Lands Act to send client's multimillion-dollar dispute over natural-gas processing plant back to state court. *Plains Gas Solutions, LLC v. Tennessee Gas Pipeline Co.*, 2014 WL 4365087 (S.D. Tex. Sept. 2, 2014).

· Represented former United States Cabinet member in trespass dispute with pipeline developer, resulting in highly favorable terms for new easement.

### RECENT SUCCESSES FOR DEFENDANTS INCLUDE:

· In trespass suit against oilfield transportation giant, wrote and argued special exceptions that cut in half plaintiff's $73 million damages model, and wrote and won summary judgment motion that further restricted damages to little more than $300,000, resulting in plaintiff dropping all claims against my client.

· In suit alleging elaborate conspiracy to fire two oilfield tool employees based on race, won summary judgment for defendant and won award against plaintiffs for $21,000 in court costs, including partial recovery of electronic discovery fees.

· Wrote all trial and appellate briefs, resulting in affirmance of pre-discovery dismissal of complex suit against government pension fund by six fund members and the City of Houston. 405 S.W.3d 204 (Tex. App.—Houston [1st Dist.] 2013).

· Won Rule 12(b)(6) dismissal of claim for breach of implied warranty of merchantability and pursued strategy that forced plaintiff to dismiss the remaining claim with prejudice—and without receiving any settlement.

### BACKGROUND

Before joining AZA, Mr. Milasincic was a litigator at Baker Botts LLP.  He received his law degree from the University of Virginia School of Law, where he served as a Virginia Law Review articles editor and earned the highest grades of any student in his first-year class.  He also earned the highest score out of the 2,468 applicants who took the July 2011 Texas bar examination, an accomplishment for which he was twice featured in the Texas Lawyer.

During law school, Mr. Milasincic interned for Judge Lynn N. Hughes of the U.S. District Court for the Southern District of Texas, and, as a member of the law school's Supreme Court Litigation Clinic, contributed to the winning briefs in Borough of Duryea v. Guarnieri, 131 S.Ct. 2488 (2011) and Nevada Commission on Ethics v. Carrigan, 131 S.Ct. 1899 (2011).

Prior to law school, Mr. Milasincic served as the communications director to the Realtors Association of Metropolitan Pittsburgh and as the chief of staff and campaign manager for a Pennsylvania legislator. While earning his journalism degree from Kent State University, he also worked briefly as a newspaper reporter.

### EDUCATION

· J.D., University of Virginia School of Law, 2011

  • Order of the Coif

  • Articles Editor, Virginia Law Review

  • Earle K. Shawe Labor Relations Award



EXHIBIT

3

- Supreme Court Litigation Clinic

- B.S., journalism, Kent State University, 2006
  - Kappa Tau Alpha

**PUBLICATIONS**
- "Limitless Opportunities," Texas Bar Journal, January 2012
- "Disorder Certifying a Class: Misinterpretations of Rule 23(c)(1)(B) and a Proposed Alternative," 97 Virginia Law Review 979, June 2011

**ADMISSIONS**
- State Bar of Texas
- United States Court of Appeals for the Fifth Circuit
- United States District Courts for the Southern, Northern, Eastern, and Western Districts of Texas

*Internet mail is not fully secure or private. Therefore, please do not transmit confidential information via Internet mail. Transmission of information is not intended to and does not create an attorney-client relationship. Please do not assume that your communications sent using Internet mail are privileged or confidential. Please do not send Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. any confidential information via the Internet without previously consulting one of our attorneys.

**Nothing on this web page is intended to represent that Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. currently represents any particular clients mentioned because matters and client relationships naturally terminate from time to time.

Terms of Use  |  Careers
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. Copyright 2015



*Associate*

3460 One Houston Center

1221 McKinney Street

Houston, Texas 77010-2009

Phone: 713 655-1101

Fax: 713 655-0062

Email: egoolsby@azalaw.com

Download Vcard



*Tough Name. Tougher Opponent.*

Edward Goolsby focuses on complex commercial litigation. A *summa cum laude* graduate of the University of Houston Law Center, Mr. Goolsby was editor-in-chief of the *Houston Law Review*. He served as a judicial intern to both the Hon. Jerry Smith of the U.S. Court of Appeals for the Fifth Circuit and the Hon. Adele Hedges of the Fourteenth Court of Appeals of Texas.

Mr. Goolsby, who graduated with highest honors from the Medill School of Journalism at Northwestern University, has won scholarships and awards for his writing and communications skills, including the Susman Godfrey L.L.P. Award for Outstanding Paper in the Area of General Litigation in 2013.

Before law school, he worked in television news, both as a reporter in Lansing, Michigan, and as a news producer in Houston. During college he won an Emmy Award for Best Student Newscast while serving as news director and anchor of the Northwestern News Report.

## EDUCATION

- University of Houston Law Center, JD. *summa cum laude*
  - Ranked #5 of 253
  - Order of the Coif
  - Order of the Barons
  - Editor in Chief – *Houston Law Review* Board 51
  - Writer for *ABA Media Alerts Project* for Fifth Circuit cases (Spring 2013)
  - Tutor for Prof. Craig Joyce's Torts class (Fall 2012)
  - Mock Trial Team Member (Fall 2011 – Spring 2013)
  - American Law Institute CLE Scholarship and Leadership Award (Spring 2014)
  - Susman Godfrey L.L.P. Award for Outstanding Paper in the Area of General Litigation (Spring 2013)
  - LEX Certificate Awards – Highest Grade in Legal Research and Writing, Constitutional Law, Property, and Law Practice Strategies (2011 – 2012)

- Northwestern University, Medill School of Journalism, B.S. *summa cum laude* in Journalism and Political Science
  - Josephine B. and Newton N. Minow Prize in Communications – Outstanding communication skills and an accomplished academic and campus career (Fall 2010)

  William C. Fyffe Memorial Award – Best broadcast journalism student at Northwestern (Spring 2010)

## BAR ADMISSIONS

- State Bar of Texas
- U.S. District Courts for the Eastern District of Texas
- U.S. District Courts for the Northern District of Texas
- U.S. District Courts for the Western District of Texas

## AWARDS AND DISTINCTIONS

- Board of Directors of the *Houston Law Review* (April 2014 – present)
- Emmy Award – Anchor/News Director for the Best Student Newscast, as selected by the Chicago/Midwest Chapter of the National Academy of Arts and Sciences (Fall 2011)

## PUBLICATIONS

- *Why So Serious? Taking the Word "Seriously" More Seriously in Plain Error Review of Federal Sentencing Appeals*, 51 Hous. L. Rev. 1449 (2014)

Terms of Use | Careers
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. Copyright 2015



EXHIBIT
4